IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAREN C.,**[1]<br><br>        Plaintiff,<br><br>    v.<br><br>**COMMISSIONER SOCIAL SECURITY ADMINISTRATION**,<br><br>        Defendant. | Case No. 1:19-cv-01485-IM<br><br>**OPINION AND ORDER** |

John E. Haapala, Jr., 401 E. 10th Avenue, Suite 240, Eugene, Oregon 97401. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Danielle R. Mroczek, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge.**

      Karen C. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Supplemental

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

Security Income ("SSI'") under Title XVI of the Social Security Act. As expressed in this opinion, this Court affirms the Commissioner's decision because the Administrative Law Judge's ("ALJ") decision was backed by substantial evidence and is free from harmful legal error.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence means more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Other interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and the court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and quotation marks omitted). But the court may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id. See also Bray*, 554 F.3d at 1225–26.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed for SSI benefits on September 15, 2015, alleging disability since June 8, 2011. AR 14. Plaintiff was born on April 18, 1967, and has at least a high school education. AR 38, 163. Before her alleged disability onset, Plaintiff worked as a retail associate and as a secretary. AR 188. Plaintiff alleges medical conditions that include brain injury, right shoulder injury, chronic pain, fibromyalgia, hip dislocation, back injury, chronic headaches, knee pain, ankle and foot pain, left hip pain, pelvis issues, incontinence, jaw problems, anxiety, depression, panic attacks, and asthma. AR 186. Plaintiff's claim was denied initially on January 26, 2016, and again on reconsideration on June 15, 2016, after which Plaintiff requested a hearing. AR 14.

Plaintiff's hearing before Administrative Law Judge ("ALJ") Barry Robinson occurred on May 21, 2018. AR 36. The hearing was held by video. AR 14. Plaintiff appeared in Medford, Oregon, and the ALJ presided over the hearing from Dallas, Texas. AR 14. On September 24, 2018, the ALJ found Plaintiff not disabled and not entitled to SSI under the Social Security Act. AR 11. In a letter dated July 11, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks review of the Commissioner's decision.

### B. The Sequential Analysis

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see* 20

PAGE 3 – OPINION AND ORDER

C.F.R. §§ 404.1520 (DIB), 416.920 (SSI). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, he or she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment or combination of impairments "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1522(a), 416.922(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis proceeds to step three.

3. Does the claimant's severe impairment(s) "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). The RFC is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), 416.920(e), 416.945(a)(1). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is

>not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c)(1), 416.920(a)(4)(v), 416.960(c)(1). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (outlining sequential analysis).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step five, the Commissioner bears the burden of proof and must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1099, 1100. *See also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled and entitled to disability benefits. *Tackett*, 180 F.3d at 1099. If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*

## C. The ALJ's Decision

At the first step of the sequential analysis, the ALJ found Plaintiff had not participated in substantial gainful activity since September 15, 2015. AR 16. At step two, the ALJ found the following severe impairments: fibromyalgia, degenerative joint disease of the right shoulder, and obesity. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 20. Instead, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, "except with the right upper extremity [Plaintiff] is limited to frequent overhead reaching." AR 21. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 26.

Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, and RFC, as well as the testimony from a vocational expert. AR 27. The ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff could perform. *Id.* These jobs included Deflective Operator/Bottle Inspector (DOT 529.687-058), Bench Assembler (DOT 706.684-022), and Garment Sorter (DOT 222.687-014). *Id.* As a result, the ALJ found Plaintiff not disabled. AR 28.

## DISCUSSION

Plaintiff challenges the Commissioner's determination that she is not disabled. She argues that the ALJ erred by (A) rejecting Plaintiff's subjective symptom testimony; and (B) improperly evaluating medical opinion evidence. ECF 13 at 7, 10. These arguments are addressed in turn.

### A. Plaintiff's Subjective Symptom Testimony

#### 1. Legal Standards

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of his or her symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

PAGE 6 – OPINION AND ORDER

specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345–46).

The ALJ's evaluation of a claimant's subjective symptom testimony may be upheld overall even if not all of the ALJ's reasons for rejecting the testimony are upheld. *See Batson*, 359 F.3d at 1197. However, the ALJ may not reject testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

### 2. Analysis

In Plaintiff's application materials, Plaintiff claims she has difficulty walking, sitting, and standing. AR 74, 220. She notes that her balance is poor and that she needs to use a wheelchair. *Id*. At the May 2018 hearing, Plaintiff confirmed her use of a wheelchair and testified that she has aching pain in her right femur that travels to her foot and back. AR 16, 42–43. Plaintiff further reported that she has pain using her hands, especially her right hand, and that she could not use her right arm for most things. AR 46, 220, 221. Plaintiff complained of back and neck pain. AR 46–48. She also mentioned that she experiences visual disturbances and blurry vision. AR 45, 58, 220. Plaintiff also claims that due to a past motor vehicle accident, she has experienced residual side effects including migraines, dizziness, blackouts, right-sided facial numbness/paralysis, and difficulty talking, and she also claims it caused "brain trauma." AR 45, 220–26. Plaintiff reported that her bodily pain is constantly present and that she needs to lay

PAGE 7 – OPINION AND ORDER

down a lot and take frequent breaks. AR 50, 220–26. Plaintiff also testified that she had difficulty sleeping and always felt tired. AR 48–49.

The ALJ, applying the first step of the credibility framework, found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 22. In applying the second step of the required analysis, however, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id*.

Plaintiff asserts the ALJ's findings lacked specificity and therefore ran afoul of Ninth Circuit precedent, citing *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015). ECF 13 at 8–10. Plaintiff is correct to note that per *Brown-Hunter*, an ALJ is required to specify which testimony he finds not credible and then provide clear and convincing reasons, supported by evidence in the record, to support that determination. *Brown-Hunter,* 806 F.3d at 489. The ALJ here—over the course of three pages—provided sufficient rationales for rejecting portions of Plaintiff's symptom testimony. AR 22–24. The ALJ's primary two rationales included that Plaintiff's complaints of disabling limitations were inconsistent with: (1) her stability and (2) the objective medical evidence.

### a. Stability

The ALJ's findings noted several instances in the record where Plaintiff's fibromyalgia and chronic pain were described as "stable" over the course of more than two years. AR 22–24. Plaintiff contends that the ALJ did not identify how findings that her conditions were stable undermined her allegations. ECF 13 at 9. However, an ALJ's finding that a claimant's chronic condition is "stable" or under control permits an inference that the claimant can work and is not disabled. *Purvis v. Comm'r of Soc. Sec. Admin.*, 57 F. Supp. 2d 1088, 1093 (D. Or. 1999). This is

PAGE 8 – OPINION AND ORDER

particularly true where, as here, stability is documented on multiple occasions over an extended period of time.

### b. Objective Medical Evidence

The ALJ also found that the objective evidence was inconsistent with Plaintiff's testimony regarding the severity of her symptoms. Subjective symptom testimony may not be wholly rejected solely based on a lack of corroborating objective medical evidence; however, it is still a relevant factor in determining the severity of a claimant's symptoms in conjunction with other factors. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ here appropriately considered the inconsistencies between Plaintiff's alleged limitations and the objective medical evidence. *See id.* at 857. *See also* SSR 16-3p at *5 ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms").

For example, during her hearing, Plaintiff presented in a wheelchair and testified that she had aching pain in her right femur that traveled to her foot and back. AR 16. Plaintiff claimed a doctor told her she was wearing out her right hip. *Id*. In application materials, Plaintiff reported difficulty sitting, standing, and walking, and a need to move positions "all the time." AR 21. The ALJ considered these allegations as well as evidence in the record that a 2015 orthopedic examination showed a decrease in muscle groups on Plaintiff's right side and an abnormal gait. AR 23. However, as the ALJ noted, the record shows minimal objective abnormalities in Plaintiff's right hip and lower extremities. AR 16. The same 2015 orthopedic examination found no signs of atrophy or swelling. AR 23. Physical examinations of Plaintiff from 2015 and 2016 both showed that, despite experiencing tenderness, Plaintiff had a full range of motion in her knees and lower extremities. AR 17. Plaintiff's primary care physician described a 2015 MRI of her right hip as unremarkable and x-rays from 2014, 2015, 2016, and 2018 consistently showed

PAGE 9 – OPINION AND ORDER

either no or minimal abnormalities in Plaintiff's hip, pelvis, and knees. AR 16–17. During a 2016 physical therapy session, the physical therapist noted that Plaintiff exhibited no guarded movement on transfers from her wheelchair despite reporting a high level of pain. AR 24. That same year, Plaintiff's primary care facility noted that although Plaintiff regularly used a wheelchair, "the reason for this [was] not clear." AR 22, 24.

In analyzing Plaintiff's testimony reporting hand, arm, and shoulder pain, the ALJ credited Plaintiff's claims where they were compatible with medical records. Plaintiff testified that with the pain in her right arm, her mobility was limited to no more than reaching out in front of her body at desk level. AR 22. In application materials, Plaintiff reported that she could not use her right arm at all for most things. AR 21. The ALJ credited much of this evidence and concluded that Plaintiff did have "a significant right shoulder condition." AR 22. However, the ALJ noted that despite Plaintiff's pain, she "was found to have a full range of motion in her hands in December 2016." AR 24. An x-ray of her right shoulder in 2017 showed only minimal degenerative change at the AC joint with no significant change since the last x-ray. AR 24. Plaintiff's primary care physician described the x-ray as being normal. AR 24. The ALJ considered these objective findings in conjunction with Plaintiff's reported symptoms and concluded that although Plaintiff had a significant shoulder condition, it did not result in functional limitations that would prevent Plaintiff from being able to work.

Rather than arbitrarily discrediting Plaintiff's testimony, the ALJ carefully combed through the record and credited Plaintiff's allegations where they could be reasonably reconciled with the objective facts. The medical evidence led the ALJ to conclude that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the record. The ALJ's interpretation was rational and sufficiently specific to meet

PAGE 10 – OPINION AND ORDER

the clear-and-convincing standard. In such cases, this Court is compelled to defer to the ALJ. *See Burch*, 400 F.3d at 680–81. *See also* SSR 16-3p.

In sum, the ALJ gave clear and convincing reasons for discounting Plaintiff's testimony. He identified what testimony was not credible and what evidence in the record undermined Plaintiff's complaints. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In light of these reasons, any other errors did not "negate the validity of the ALJ's ultimate conclusion" as to Plaintiff's testimony and were thus harmless. *Batson*, 359 F.3d at 1197. Plaintiff's briefing presents an alternate interpretation of the evidence in the record. But "'[w]here the evidence is susceptible to more than one rational interpretation,' the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (quoting *Andrews*, 53 F.3d at 1039–40).

## B. The ALJ's Evaluation of Medical Opinion Evidence

### 1. Legal Standards

An ALJ must consider, evaluate, and explain the weight he gave the opinions of medical professionals who saw the claimant or reviewed her records in a professional capacity. 42 U.S.C. § 405(b)(1); 20 C.F.R. §§ 416.927(b), (d) & (e); SSR 06-03p, *available at* 2006 WL 2329939. Plaintiff contends that the ALJ erred in evaluating the opinion of Dr. Wendell Heidinger. ECF 13 at 10–13.

The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester*, 81 F.3d at 830. A treating physician's report that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). If, however, a treating physician's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate

PAGE 11 – OPINION AND ORDER

reasons" for discrediting the treating physician's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can comply with this mandate by providing a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation of the evidence, and making findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, inconsistency with a claimant's testimony, or inconsistency with a claimant's activities of daily living. *Id.* at 1040.

### 2. Analysis

Plaintiff's primary care physician, Dr. Heidinger, completed a physical medical source statement about Plaintiff's health. AR 678–681. Dr. Heidinger's statement asserted that Plaintiff was unable to walk, sit, stand, lift, or carry. *Id.* at 679–80. Dr. Heidinger also contended that Plaintiff was incapable of even low stress work. *Id.* at 681. Dr. Heidinger's opinion was contradicted by the opinions of two other physicians, Dr. Thomas Davenport and Dr. Martin Kehrli, who claimed Plaintiff was capable of a full range of light work. *Id.* at 25. In January 2016, Dr. Davenport reviewed Plaintiff's medical records dating back to before the 2011 car accident. AR 74–83. Dr. Davenport concluded that despite Plaintiff's obesity and fibromyalgia, her purported pain symptoms were "conflicting and inflated over time" and her claim to need a wheelchair was "not supported." AR 83. Dr. Kehrli, a pain specialist, similarly reviewed Plaintiff's medical record in June 2016 and agreed with Dr. Davenport's findings. AR 94–97. Dr. Kehrli noted that Plaintiff did "not have decreased strength" and that there was "no evidence of [hip] dislocation, as alleged." AR 97. The ALJ assigned "little weight" to the medical opinion of Dr. Heidinger and "great weight" to the opinions of Dr. Davenport and Dr. Kehrli. AR 25, 26. Plaintiff argues the ALJ erred by failing to afford great weight to a treating physician's opinion. ECF 13 at 10–13.

PAGE 12 – OPINION AND ORDER

However, the ALJ provided specific and legitimate reasons justifying his rejection of Dr. Heidinger's opinion. First, the ALJ noted that Dr. Heidinger's opinion was not supported by objective diagnostic tests in the record. AR 26. Dr. Heidinger's assessment of Plaintiff's limitations far exceeded anything reported in the medical records. A physician's opinion's inconsistency with the medical record is a legitimate reason for an ALJ to reject the opinion. *See Tommasetti*, 533 F.3d at 1041. The ALJ further noted that Plaintiff's fibromyalgia and chronic pain were reported as stable multiple times and that some clinical examinations showed generally normal objective results. AR 26. Thus, the ALJ provided specific and legitimate reasons for rejecting Dr. Heidinger's medical opinion and his finding is supported by substantial evidence.

In contrast, the ALJ reasonably assigned great weight to the opinions of Dr. Davenport and Dr. Kehrli given the consistency of their findings with Plaintiff's medical records. AR 25. Dr. Davenport and Dr. Kehlri both acknowledged Plaintiff's injuries and limitations that were supported by the record while highlighting allegations that were not. The ALJ provided specific and legitimate reasons for crediting the opinions of Dr. Davenport and Dr. Kehrli over the opinion of Dr. Heidinger. Thus, the ALJ's finding is supported by substantial evidence.

## CONCLUSION

For all the foregoing reasons, the Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 23rd day of September, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 13 – OPINION AND ORDER